## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

SABAL TRAIL TRANSMISSION, LLC,

                Plaintiff,

vs.                                  Case No.:     5:16-cv-187-Oc-34PRL

+/- 0.77 ACRES OF LAND IN LAKE
COUNTY FLORIDA, UNKNOWN HEIRS
OF GENE RANDY HARRIS, TERESA
KAY HARRIS, et al.,

                Defendants.

_____/

## <u>ORDER</u>

This case is before the Court on Plaintiff Sabal Trail's "Unopposed Motion for Final Summary Judgment of Condemnation and Incorporated Memorandum of Law." (Doc. 32, Motion for Final Summary Judgment). By an order dated May 23, 2016, the Court granted Sabal Trail's motion for partial summary judgment (Doc. 2, Motion for Partial Summary Judgment), thereby establishing Sabal Trail's right to condemn an easement across the subject property for the purpose of building a natural gas pipeline, as well as Sabal Trail's motion for preliminary injunction (Doc. 3, Motion for Preliminary Injunction), thereby giving Sabal Trail immediate possession of the easement. (<u>See</u> Doc. 27, Order Granting Partial Summary Judgment and Preliminary Injunction).

With Sabal Trail's right to condemn the easement having been established, the only question that remains is how much Sabal Trail must compensate the defendant-landowners. Here, the defendant-landowners are (1) the estate of Gene Randy Harris and (2) Teresa Kay Harris, who each own a 50% undivided interest in the property as

tenants-in-common.  Motion for Final Summary Judgment at 2, ¶¶ 4-5.  Additionally, Nationstar Mortgage, LLC, holds a mortgage interest in the property.  (See Doc. 1-3, Subject Property Interest List).  Sabal Trail states that it "has reached an agreement with Teresa Kay Harris and Christopher Harris, as the personal representative for the Estate of Gene Harris, that the total compensation to be paid for Parcel FL-LA-091.000 [the subject property] is $14,500.00."  Motion for Final Summary Judgment at 3, ¶ 12.  Sabal Trail therefore moves the Court to enter a Final Summary Judgment of Condemnation, which will (a) require Sabal Trail to deposit $14,500.00 into the Court Registry, and (b) upon the deposit of the $14,500.00, confirm the condemnation of Parcel FL-LA-091.000, as defined in the Notice of Condemnation (Doc. 1-5, Notice of Condemnation).  Motion for Final Summary Judgment at 4.  Sabal Trail states that it has conferred with counsel for Teresa Kay Harris, Christopher Harris, as personal representative for the estate of Gene Randy Harris, and Nationstar Mortgage, LLC, and that these parties do not oppose the requested relief.  Id. at 5.

## I.    Standard

Under Rule 56, Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).  The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory

answers, or other materials." Rule 56(c)(1)(A).[1] Id. Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant.  See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)).  "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment."  Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial.  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted).  Substantive law determines

---

[1]  Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions."  Rule 56 advisory committee's note 2010 Amendments.

> The standard for granting summary judgment remains unchanged.  The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law.  The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id.  Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.  In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

## II.    Discussion

The Takings Clause of the Fifth Amendment to the United States Constitution provides: "[N]or shall private property be taken for public use, without just compensation." The Takings Clause is often characterized as providing a two-part test containing (1) a "public use" requirement and (2) a "just compensation" requirement.  Levin v. City and Cty. of San Francisco, 71 F. Supp. 3d 1072, 1079-80 (N.D. Cal. 2014) (citing Brown v. Legal Found. of Wash., 538 U.S. 216, 231–32 (2003)).

The Court's order of May 23, 2016, which granted Sabal Trail's motions for partial summary judgment and preliminary injunction, established that Sabal Trail had the right to condemn the necessary easements for a public use, i.e., constructing a natural gas pipeline pursuant to the Natural Gas Act.  Thus, the only remaining issue is how much Sabal Trail must compensate the landowners.  Because all parties agree that the amount of compensation due is $14,500.00, there is no genuine issue of material fact concerning compensation.  As no genuine issue of material fact remains, the Court concludes that Sabal Trail's Motion for Final Summary Judgment is due to be granted.

Accordingly, it is hereby

**ORDERED:**

1. Sabal Trail's "Unopposed Motion for Final Summary Judgment of Condemnation" (Doc. 32) is conditionally **GRANTED**.

2. Sabal Trail shall deposit into the Court Registry the sum of $14,500.00.

3. Upon deposit of the $14,500.00, the Court will enter a Final Judgment of Condemnation, confirming the condemnation of Parcel FL-LA-091.000, as defined in the Notice of Condemnation (Doc. 1-5).

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of September, 2016.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Counsel of record